OPINION
{¶ 1} Defendant-appellant, Joseph G. Turman, appeals his sentence in the Lake County Court of Common Pleas following the entry of a guilty plea. Due to the Ohio Supreme Court's recent decision in State v. Foster, ___ Ohio St.3d ___, 2006-Ohio-856, we reverse the sentence imposed by the court below and remand this matter for resentencing.
 {¶ 2} On January 6, 2005, Turman entered guilty pleas to three counts of forgery, felonies of the fifth degree in violation of R.C. 2913.31(A)(3). Turman was charged for forging three checks drawn on the fictitious business account of Core Innovatech, LLG, and negotiating these checks to Painesville-area businesses between August 27 and 29, 2004. Turman admitted to forging the checks in order to support his cocaine habit.
 {¶ 3} A sentencing hearing was held on February 16, 2005. In a March 1, 2005 judgment entry, the trial court sentenced Turman to an eleven-month prison term for each count to be served consecutively, for an aggregate prison term of thirty-three months. From this judgment Turman timely appeals.
 {¶ 4} Turman raises the following assignments of error:
 {¶ 5} "[1.] The trial court violated appellant's rights to equal protection and due process of law under the fifth andfourteenth amendments to the U.S. Constitution and under Section2, 10 and 16, Article I, of the Ohio Constitution when it sentenced him contrary to R.C. 2929.11(B).
 {¶ 6} "[2.] The trial court ruled contrary to law when it ordered consecutive sentences.
 {¶ 7} "[3.] The trial court erred when it sentenced the defendant-appellant to consecutive sentences based upon a finding of factors not found by the jury or admitted by the defendant-appellant in violation of the defendant-appellant's state and federal constitutional rights to trial by jury."
 {¶ 8} We first consider Turman's third assignment of error, which is dispositive of the appeal. Under the third assignment of error, Turman argues that the imposition of consecutive sentences violates recent case law from the United States Supreme Court regarding the Sixth Amendment right to trial by jury.
 {¶ 9} In State v. Foster, ___ Ohio St.3d ___,2006-Ohio-856, the Ohio Supreme Court held that R.C.2929.14(E)(4), providing for the imposition of consecutive sentences if the sentencing court makes certain "findings," is unconstitutional. Id. at paragraph three of the syllabus, citingApprendi v. New Jersey (2000), 530 U.S. 466, and Blakely v.Washington (2004), 542 U.S. 296. The Supreme Court further held that R.C. 2929.14(E)(4) is severable from R.C. Chapter 2929, governing felony sentencing. Id. at paragraph four of the syllabus. "After the severance, judicial factfinding is not required before imposition of consecutive prison terms." Id. at paragraph four of the syllabus. Turman's third assignment of error has merit.
 {¶ 10} In Foster, the Supreme Court held that consecutive sentences, imposed pursuant to R.C. 2929.14(E)(4), were void. Id. at ¶ 103. The proper course to follow in this situation "is to vacate that sentence and remand to the trial court for a new sentencing hearing." Id. Accordingly, Turman is entitled to a new sentencing hearing. At this hearing, Turman "may stipulate to the sentencing court acting on the record before it." Id. at ¶ 105. Turman may also argue for a reduction in his sentence, just as the state may now seek to increase the penalty. Id.
 {¶ 11} In his first assignment of error, Turman argues that the trial court erred by imposing a sentence that is "not consistent to similarly situated criminals who committed similarly situated crimes." In the second assignment of error, he argues that the sentencing court's findings do not support the imposition of consecutive sentences under R.C. 2929.14(E)(4). In light of the fact that Turman's sentence is void under Foster,
these assignments of error are rendered moot.
 {¶ 12} We reverse the judgment entry of sentence of the Lake County Court of Common Pleas and remand for proceedings in light of the "remedial severance and interpretation of Ohio's felony sentencing statutes," as explained in Foster. Under this remedy, "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at ¶ 100.
Rice, J., O'Toole, J., concur.